IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCEDES HARRISON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　　　／ | No. C 10-03711 WHA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

In this social security action, plaintiff appeals the denial of disability benefits. Plaintiff's motion for summary judgment is **DENIED**, and defendant's motion for summary judgment is **GRANTED**.

## STATEMENT

This appeal arises from plaintiff Mercedes Harrison's second unsuccessful application for social security disability benefits. Plaintiff's first application for disability benefits was filed in July 2001. It was denied initially, upon reconsideration, and by an Administrative Law Judge. The March 2004 decision of the ALJ was affirmed by a United States district court. An appeal to the court of appeals was voluntarily dismissed, pursuant to stipulation, in March 2006 (AR 54).

Plaintiff filed her second application for disability benefits two months later (AR 142). The application alleged disability as of September 1, 2004, based on left arm and hand pain,

carpal tunnel, and tendinitis. It did not allege any mental disability (AR 167). The application was denied initially and on reconsideration. Plaintiff requested a hearing before an ALJ, and one was held in June 2009. At the hearing, plaintiff was represented by counsel. Plaintiff testified on her own behalf, and a vocational expert testified at the request of the ALJ (AR 10–35). In a decision dated November 6, 2009, the ALJ denied the claim for disability benefits (AR 51–62). Plaintiff's request for review of the ALJ decision by the Appeals Counsel was denied, making the ALJ decision the final decision of the Commissioner (AR 1). Plaintiff then filed this action for judicial review of the November 2009 ALJ decision.

     The November 2009 ALJ decision made the following relevant findings, which are uncontested in this action. The date on which plaintiff was last insured was December 31, 2005. Plaintiff had to establish disability on or before that date in order to be entitled to disability benefits. The outcome of plaintiff's first application conclusively established that she was not disabled through March 11, 2004, and it created a presumption that she was able to work beyond that date. The question to be decided, therefore, was whether plaintiff became disabled between March 11, 2004, and December 31, 2005. This question was determined through a five-step sequential evaluation process prescribed by regulations (AR 54–56).

     Plaintiff disagrees with the ALJ's step-two determination that her alleged mental impairments were not severe during the relevant time period. Step two of the disability analysis requires a determination whether the claimant has a medically determinable impairment, or combination of impairments, that is "severe" pursuant to regulation. The ALJ considered plaintiff's evidence of both physical and mental impairments. As to physical impairments, the ALJ found that plaintiff's evidence rebutted the presumption created by the 2004 decision and established that she had the following severe physical impairments through her date last insured: "a disorder of the muscles, ligament and fascia, diagnosed as fibromyalgia, neuropathy, bursitis, tendonitis or neurovascular entrapment; and degenerative disc disease of the cervical spine." The ALJ nonetheless concluded in a later portion of the analysis that this combination of severe impairments did not entitle plaintiff to disability benefits, because it did not constitute a disability

at any time between September 1, 2004 and December 31, 2005 (AR 55–58, 62). This conclusion is not challenged.

As to plaintiff's "allegations of mental impairment," the ALJ found that there was no severe mental impairment during the relevant time period:

> I find that as of the date last insured, the claimant had no more than mild limitation in social function and in activities of daily living. There is no evidence to the contrary, and that level of function indicates a "non-severe" impairment.

(AR 58). This finding was based on the following evidence. *First*, the ALJ considered an October 2005 "progress note snowing symptoms of sleep difficulties and depression, for which [plaintiff] was prescribed Prozac." The ALJ observed that the progress note was presented in isolation, and there was "no evidence of a mental health evaluation or of a longitudinal history of depression prior to the date last insured, or even thereafter" (*ibid.*).

*Second*, the ALJ considered a "September 2007 psychological consultative examination report," which "suggested a diagnosis of an adjustment disorder." The ALJ observed that the report provided no details about plaintiff's condition during the relevant time period and therefore concluded that it was "of no probative value" (*ibid.*). This report, which actually was dated September 2006 and not September 2007 as stated by the ALJ, is a focal point of plaintiff's motion.

*Third*, the ALJ considered a determination by a State Agency psychiatric consultant "that there was insufficient evidence of a medically determinable mental impairment prior to the date last insured." The ALJ ultimately concluded that the evidence was insufficient to establish a "severe" medical impairment as defined by the regulations (*ibid.*).

Plaintiff now asserts that the ALJ improperly "failed to develop the record on the issue of whether [plaintiff] had significant mental limitations prior to December 2005." Plaintiff moves for summary judgment reversing the November 2009 ALJ decision and remanding the action for additional proceedings "so that the ALJ may call a medical expert and properly address the onset of [plaintiff's] severe emotional impairment and the vocational impact of that impairment" (Dkt. No. 12 at 5–6). Defendant opposes plaintiff's motion and moves for summary judgment affirming the November 2009 ALJ decision (Dkt. No. 13). Plaintiff's combined opposition to

3

1  defendant's motion and reply in support of her own motion was due on April 14, 2011.  None was
2  filed.  Plaintiff was ordered to show cause why the matter should not be deemed submitted for
3  decision without oral argument (Dkt. No. 14).  No response to the order to show cause was filed.
4  Accordingly, the matter is deemed submitted.

**ANALYSIS**

A decision denying disability benefits shall be upheld on appeal if it is supported by substantial evidence and free of legal error.  Substantial evidence is "more than a scintilla" but "less than a preponderance" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).  The court must consider the entire administrative record, including evidence that does not lend support to the ALJ's conclusion.  Where evidence in the record is susceptible to more than one rational interpretation, the decision of the ALJ must be upheld.  *Andrews v. Shalala*, 53 F.3d. 1035, 1039 (9th Cir. 1995).

The ALJ's determination that plaintiff had not established a severe mental impairment during the relevant time frame was supported by substantial evidence and free of legal error.  A severe impairment is one causing more than minimal limitation in the ability to perform basic work activities.  20 CFR 404.1521.  In light of the October 2005 progress note, the September 2006 report, and psychiatric consultant's opinion, a reasonable mind could conclude that plaintiff did not establish that she developed a severe mental impairment between March 2004 and December 2005.  The ALJ's error regarding the date of the report was harmless, because even its true date is well after the relevant time period closed.

Plaintiff does not contest that the ALJ's decision was supported by substantial evidence.  Plaintiff argues instead that the ALJ should have helped plaintiff generate *more* evidence.  Plaintiff asserts that the ALJ committed legal error by failing to "develop the record on the issue of whether [plaintiff] had significant mental limitations prior to December 2005." Specifically, plaintiff argues that the ALJ had "an affirmative duty to call a medical expert when determining whether a potentially disabling impairment established after the date last insured existed at a disabling level prior to that date" (Dkt. No. 12 at 5).  Plaintiff's argument rests on Social Security

4

1  Ruling 83-20 and a decision by the Ninth Circuit Court of Appeals interpreting it, *Armstrong v.*
2  *Comm'r of the Soc. Sec. Admin.*, 160 F.3d 587 (9th Cir. 1998).

3  Plaintiff misapplies *Armstrong*. That decision reaffirmed a previous holding that "where a
4  record is ambiguous as to the onset date of disability, the ALJ must call a medical expert to assist
5  in determining the onset date." *Armstrong*, 160 F.3d at 590. In *Armstrong*, the ALJ found that
6  the claimant was disabled, but the record was not clear on "when those impairments became
7  disabling." *Ibid.* Here, by contrast, there was no finding that plaintiff had a severe mental
8  impairment at all, at *any* time. Because the ALJ did not find that plaintiff had a severe mental
9  impairment, the ALJ did not reach the question of onset. Put differently, there was no mental
10 disability, so there was no onset date to determine. The duty to call a medical expert was
11 not triggered.

12 The underlying text of Social Security Ruling 83-20 confirms this analysis. It states: "*In*
13 *addition to determining that an individual is disabled*, the decisionmaker must also establish the
14 onset date of disability." SSR 83-20, at *1 (emphasis added). Thus, a finding that a claimant was
15 disabled is a prerequisite to determining the onset date of the claimant's disability. Without a
16 finding that the claimant was disabled, the concept of a disability-onset date is meaningless, and
17 no duty to call a medical expert can be triggered by onset-date ambiguity. Plaintiff's contention
18 that the duty arises when a "*potentially* disabling impairment [is] established after the date last
19 insured" misstates the law (Dkt. No. 12 at 5) (emphasis added).

20 Indeed, by requiring expert testimony in such broad circumstances, plaintiff's rule would
21 drive ALJs to conduct vague fishing expeditions on claimants' behalves. The ALJ has an
22 obligation to assist in developing the record, but the claimant has the burden of proving that he or
23 she became disabled before the expiration of his or her insurance. *Armstrong* explicitly left that
24 burden intact. *Armstrong*, 160 F.3d at 589–90. Regularly bringing in a government-sponsored
25 expert to opine on a claimant's condition during the relevant period, based only on evidence that
26 the claimant was *potentially* disabled *outside* the relevant time period, would not be consistent
27 with this allocation of responsibility.

28

5

Plaintiff has failed to show that the November 2009 ALJ decision contained legal error or was not supported by substantial evidence. Accordingly, the decision is **AFFIRMED**.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is **DENIED**, and defendant's motion for summary judgment is **GRANTED**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated: May 25, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE